PARGA & FRONTERA, PLAINTIFFS AND APPELLEES, *v.* ROYAL INSURANCE COMPANY, PLAINTIFF AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action to Recover on an Insurance Policy.

No. 2935.—Decided June 19, 1923.

INSURANCE—ARBITRATION AND AWARD.—A policy-holder who rejects the award of the arbitrators may bring an action to recover the amount of the damage to the property insured. In matters of insurance section 175 of Act No. 66 of 1921 substitutes section 1721 of the Civil Code.

ID.—EVIDENCE.—In order to determine the value of insured property evidence of its assessed value for the purposes of taxation is admissible.

The facts are stated in the opinion.

*Mr. P. Fajardo* for the appellant.

*Mr. J. Sabater* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A clause in a policy required the action of an arbitrator or arbitrators to determine the amount of the loss. After a loss, arbitrators were agreed upon, met and fixed the damage in $525. The complainant, not satisfied with this award, sued for the full value of the insured automobile. The court rendered judgment for $1,000, the assessed value of the automobile, and held that the arbitration was in contravention of section 175 of the. Act of July 16, 1921, as follows:

"Sec. 175.—Any clause in an insurance contract depriving the

insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance, shall be illegal. The court shall determine not only the liability of the company but also the amount of the loss."

While we had some doubt of this at the hearing, the words are clear and the word *"alcance"* in Spanish is "amount" in English. In 26 C. J. 416, cited by the court below, we find the following:

"A general arbitration clause requiring submission to arbitrators of the liability of the company before action can be brought on the policy is invalid as an agreement ousting the courts of their jurisdiction. But unless it is otherwise provided by statute, a clause in the policy requiring submission to arbitration of any disagreement as to the amount of the loss, before action can be brought on the policy, thus in effect making arbitration a condition precedent to recovery, is generally held to be valid."

But we have a statute on the subject. See also 26 C. J. 469. So that the submission of the amount to arbitration is not binding on the assured in Porto Rico. Section 1721 of the Civil Code can not avail appellant, as the law of 1921 is later. The other authorities cited by appellant are not considering the existence of a statute.

The appellant cites us to no authorities that the court below has no right to consider the valuation put on the automobile for the purposes of taxation, and we are inclined to think such proof is admissible. Ordinarily and in the absence of fraud the owner will put a low rather than a high value on his property for the purpose of taxation. Furthermore, there was other evidence before the court by the complainant attempting to prove a higher valuation.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.